

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 24, 2019

**VIA CM/ECF**
**AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Wilson Perez**, 17 Cr. 513 (AT)

Dear Judge Torres:

The defendant is scheduled to be sentenced on March 18, 2019, in connection with his role in aiding and abetting the use and carrying of a firearm during a kidnapping. The Government submits this letter in advance of this sentencing and respectfully submits that a Guidelines sentence of 60 months' imprisonment, which is also the statutory mandatory minimum sentence, is warranted here.

## Background

### A. The Indictment

Count Three of the Indictment in this case charged the defendant with using, carrying, and possessing a firearm during and in relation to a kidnapping, and aiding and abetting the same, which firearm was brandished and discharged, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), (ii), (iii) and 2 (Presentence Investigation Report ("PSR"), Dkt. No. 51 ¶¶ 1-4.) On August 15, 2018, the defendant pled guilty before Your Honor to the lesser included offense of Count Three, that is, the use, carrying, and possession of a firearm during and in relation to a kidnapping, and aiding and abetting the same, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2. (*Id.* ¶ 6.)

### B. The Offense

In August of 2017, the defendant agreed with his two co-defendants to help them rob a van belonging to a drug trafficking organization ("DTO"); another individual ("Individual-1") who worked with the DTO claimed that several kilograms of cocaine could be found inside the van. (*Id.* ¶ 9.) When the defendant and his two co-defendants arrived at the van at the appointed time, however, the van appeared to have already been burglarized. (*Id.*) The defendant and his co-

conspirators went to confront Individual-1 about the situation, but could not find him. They concluded that Individual-1 must have robbed the van himself, and then framed the three of them. Angry at being cheated, the three co-conspirators decided to try to kidnap Individual-1 and force him to split the robbery proceeds with them. (*Id.*)

The defendant and his co-conspirators then kidnapped Individual-1 from the Bronx, stopping along the way so that one of the kidnappers could get a gun before driving Individual-1 to a garage in Manhattan. There, they beat him, then forced Individual-1 back into the car at gunpoint and continued to beat him as they drove him toward the Bronx. As the defendant and his co-conspirators attempted to drive Individual-1 away from the garage in Manhattan, the gun was brandished and discharged; thankfully, Individual-1 was not hit. At that point, Individual-1 escaped from the moving vehicle onto the Major Deegan Highway. Individual-1 required treatment for his injuries, but survived.

### C. The Defendant's Criminal History

According to the Probation Office, the defendant is in Criminal History Category I. (PSR ¶ 25.) The Probation Office noted that the defendant has two prior convictions for disorderly conduct in 2015 and 2011, as well as a youthful offender adjudication relating to a knife-attack robbery in the first degree, for which he received five years' probation. (PSR ¶¶ 22 – 24.) The Government had also provided the Probation Office with information regarding a number of sealed prior arrests. (PSR ¶ 28.)

### D. The Guidelines Calculation

As set forth in the plea agreement and the PSR, the Guidelines sentence for the lesser included offense charged in Count 3 is the mandatory minimum term of imprisonment, here, 60 months. (PSR ¶ 6.)

### Discussion

The relevant sentencing factors, as set forth in Title 18, United States Code, Section 3553(a), make clear that a Guidelines sentence of 60 months' imprisonment is warranted here. The defendant states that he accepts responsibility for his actions, and his plea allocution and his sentencing submission indicate that this is so. Moreover, the injuries suffered by the defendant while incarcerated—regardless of the circumstance under which they were incurred— and the difficult circumstances he has faced in his personal life are all factors that are appropriately considered by the Court in fashioning an appropriate sentence. Likewise, the Court should take into account the defendant's attempts to better himself by engaging in numerous programs and in working toward his G.E.D.

But while the defendant's acceptance of responsibility should be considered by the Court, the Court must also consider that (as the Probation Office notes) that this is not the defendant's first conviction, nor is it his first conviction relating to a violent robbery offense with the use of a weapon. He was previously convicted of assisting another individual in a violent, knife-point robbery. He received just 5 years' probation, but instead of learning from his lenient treatment,

the defendant again decided to engage in criminal conduct in order to make money, attempting to assist others in a drug robbery. When that robbery did not take place, he had the opportunity to withdraw from this dangerous and illegal scheme, but instead he decided to join with his co-conspirators to seek revenge, which resulted in the dangerous kidnapping of Individual-1. For this reason, the Government's position is that the Guidelines sentence, the 60-month mandatory minimum period of incarceration, is a sentence that is sufficient but not greater than necessary to accomplish the goals of sentencing.

## Conclusion

For the reasons set forth above, the defendant should be sentenced to a Guidelines term of 60 months' imprisonment.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: \_\_\_\_\_/s/_____
Jessica Fender
Margaret Graham
Assistant United States Attorneys
(212) 637-2276 / 2923